## No. 368.

### GREEN *v.* McINTIRE ET AL.

PLEADING.—*Sale of Grain.*—*Overdraft.*—*Complaint to Recover Amount of.*—*Sufficiency of after Verdict.*—The plaintiffs purchased of the defendant a large quantity of wheat. It was alleged in the complaint that if said wheat did not come up, on inspection, to the grade provided for in the contract between the parties, the plaintiffs were, by said contract, to sell said grain at market difference on the day they received it and account to the defendant. It was further alleged that the wheat fell below the grade contracted for, and that the defendant had overdrawn the amount owing him by the plaintiffs, and that said excess had been paid by plaintiffs before the wheat was received. The complaint alleged that the plaintiffs received the grain *as of the grade rated* by the inspector, and accounted for it to the defendant for the highest market price on the day of delivery to them. The bill filed as an exhibit showed the amount paid to the defendant, " the amount realized from sale of said wheat," and the balance owing.

*Held,* that after verdict the complaint was not open to the objection that it shows that the plaintiffs, instead of selling the wheat upon discovery of its inferior quality, as they were required by the terms of the contract to do, kept it themselves.

From the Knox Circuit Court.

*G. G. Reily* and *J. W. Emison*, for appellant.

*W. A. Cullop* and *C. B. Kessinger*, for appellees.

BLACK, J.—We are required to determine whether the complaint of the appellees against the appellant was sufficient on motion in arrest of judgment.

It was in two paragraphs, and if either was sufficient after verdict, there was no error in overruling the motion. It is said by the appellant that the second paragraph was the one relied on by the appellees, and the one held sufficient by the court.

This paragraph showed, in substance, that the appellees were merchants in New York city, engaged in buying and selling grain, and the appellant was engaged in the same kind of business; that in July and August, 1889, the appellant sold to the appellees twenty thousand bushels of wheat

at certain prices stated per bushel; that by agreement of the parties the wheat was to be of what is called grade No. 2 red wheat, and was to be shipped over certain railroads, free on board, and subject to New York weights and measures and inspections made by a public officer appointed for that purpose, and if upon arrival of the grain "it should not grade as No. 2 wheat by said public inspector, then to be sold by plaintiffs at market difference on day received, and accounted for accordingly to defendant;" that in pursuance of said agreement appellant shipped to appellees wheat at different times during said period, amounting to twenty thousand bushels, and drew upon the appellees by draft attached to bill of lading, at divers times, for $14,891, which drafts were paid by appellees, and the money was received by the appellant; that when said wheat was received by the appellees and duly inspected by said public officer, it did not grade as No. 2 red wheat, but was damp and injured, and was graded by said public inspector at a much lower and inferior grade; "that plaintiffs thereupon received it as of the grade so rated, and accounted for it to the defendant for the highest market price on the day of delivery to them, as was agreed by plaintiffs and defendant."

It is alleged "that a copy of the bill showing amount paid to the defendant, the amount received from sale of said wheat, as well as the balance owing plaintiffs by defendant, is filed herewith and made a part hereof, marked 'Exhibit A.'"

It is further alleged that the appellees "have fully accounted to defendant for all wheat received by them by defendant, as agreed upon, but that defendant has overdrawn the amount owing him by plaintiffs in the sum of eight hundred and forty-two dollars and forty-seven cents, and said amount has been paid by plaintiffs to defendant before said wheat was received, upon the representation of defendant that said wheat was of the grade purchased, to wit, red wheat, whereas said wheat was graded of a lower quality by those author-

ized to make said inspection and pass judgment thereon ; that said defendant has been informed of said matters, and requested to pay the amount of said difference to plaintiffs, but has wholly failed and refused to do so; wherefore," etc.

A bill of particulars, in the form of an account, showing debts and credits, and a balance of $842.47, is filed, which, with the averments of the complaint, is sufficiently intelligible.

The appellant objects to this paragraph, on the ground that it appears therefrom that, whereas, by the contract stated, if the wheat should be of lower grade than was contracted for, it should be sold by the appellees, they, instead of selling it, kept it themselves.

The complaint shows that " said wheat," that is, the twenty thousand bushels of wheat, did not grade according to the contract.

In such case it was to be sold by the appellees, at the market difference on the day it was received, and was to be accounted for accordingly.

It is alleged that the appellees received it as of the grade rated by the inspector, and accounted for it to the appellant for the highest market price on the day of delivery to them ; and the bill filed as an exhibit shows the amount paid to the defendant, " the amount realized from sale of said wheat," and the balance owing. The credits shown in the bill of particulars are thus indicated to be for wheat sold. It appears that the wheat was sold and was accounted for at the market price of the day on which it was received.

This is not a satisfactory mode of pleading, and it is not to be commended ; but we are of the opinion that after verdict the complaint was not open to the objection urged against it by the appellant.

The judgment is affirmed.

Filed Sept. 17, 1891.